Citation Nr: 1528196 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 12-13 224 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUE

Entitlement to service connection for hypertension.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

M. C. Wilson, Associate Counsel



INTRODUCTION

The Veteran served on active duty from July 1979 to November 1986.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas.

The Veteran requested a Board hearing and was scheduled for a hearing in February 2013. However, the Veteran did not report for the hearing and did not provide good cause for the failure to report. Consequently, he is deemed to have waived his hearing request. See 38 C.F.R. §§ 20.703, 20.704 (2014). The Board may therefore proceed to adjudicate this appeal.

In December 2013 and October 2014, the Board remanded the matter on appeal for additional development. For the reasons discussed below, the Board finds that another remand is warranted.

In the Board's December 2013 remand, the Board referred to the Agency of Original Jurisdiction (AOJ) the following original claims of entitlement: (a) service connection for sleep apnea; (b) service connection for a vision disability, to include as secondary to hypertension; and (c) a total disability rating based on individual unemployability. See Veteran's April 2010 statement on VA Form 21-4142; July 2010 VA treatment record; May 2012 VA Form 9. To date, these claims have not yet been adjudicated by the AOJ. They are referred again for appropriate action. 38 C.F.R. § 19.9(b) (2014).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.



REMAND

As acknowledged previously, this matter was previously before the Board in December 2013 and October 2014. In the December 2013 remand, the Board instructed the AOJ to provide an examination to determine the nature and etiology of the Veteran's hypertension. Although the Veteran's service treatment records include a June 1981 note regarding high blood pressure, the clinician who examined the Veteran in February 2014 noted that he could not find evidence of treated hypertension while in service. In light of this incomplete understanding of the Veteran's medical history, the matter was remanded again in October 2014 for an adequate opinion regarding the etiology of the Veteran's hypertension.

Pursuant to the October 2014 remand directives, the Veteran was scheduled for an examination in February 2015, but failed to report. In a May 2015 brief, the Veteran's representative reported that the Veteran moved from Arkansas to Texas and requested that the examination be rescheduled in Texas. Generally, a claimant is obligated to cooperate in the development of evidence, and failure to do so puts him at risk of an adverse adjudication based on an incomplete and underdeveloped record. Kowalski v. Nicholson, 19 Vet. App. 171, 181 (2005). The Board finds, however, that the Veteran has shown good cause for his failure to report for the previously scheduled examination. See 38 C.F.R. § 3.655(a). Thus, the Board grants the Veteran another opportunity to report. Id.

Accordingly, the case is REMANDED for the following action:

1. Obtain any outstanding relevant VA treatment records. All reasonable attempts should be made to obtain such records.

2. After the above has been completed, schedule the Veteran for a VA hypertension examination, by an appropriate examiner. The entire claims file should be made available to the examiner, and the report of the examination should include discussion of the Veteran's documented medical history and lay statements. All indicated tests and studies should be accomplished, and all clinical findings should be reported in detail.

The examiner is asked to provide an opinion as to whether it is at least as likely as not (a 50 percent probability or more) that hypertension:

a. Was incurred during service;

b. Manifested within one year of separation from service by diastolic pressure predominantly 100 or more, or; systolic pressure predominantly 160 or more, or; that he had a history of diastolic pressure that were predominantly 100 or more that required continuous medication for control; or

c. Is otherwise etiologically or causally related to military service.

Any opinion offered should be accompanied by a clear rationale consistent with the evidence of record. If the examiner finds it impossible to provide any part of the requested opinions without resorting to speculation, he or she should so indicate and provide a rationale as to why such an opinion requires speculation.

3. Upon completion of the above, readjudicate the issue on appeal. If the benefit sought on appeal remains denied, the Veteran and his representative should be provided with a supplemental statement of the case and an appropriate period of time should be allowed for response by the Veteran and his representative. Thereafter, the case should be returned to the Board for further appellate consideration, if in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).